524                    CASES IN THE SUPREME COURT

Norris et al. vs. State use Derton's adr.              [JANUARY]

---

## NORRIS ET AL. VS. STATE, USE DERTON'S ADR.

Where the defendant files two pleas, setting up the same matters of defence, he is not injured, though a demurrer to one of the pleas be erroneously sustained, if on issue to the other plea he has the benefit of a trial of its subject matter.

The sheriff being bound under the statute (*sec.* 74, *ch.* 68, *Gould's Dig.*) to pay the amount due upon an execution in his hands, for not returning it according to law; he is not excused from returning such execution by the conduct of the plaintiff in embarrassing him in making sales, or adjusting or collecting their proceeds.

The defendants in a suit on a sheriff's bond, are estopped to deny that the person described as sheriff in the condition of the bond was such at its date, and the law will presume that he continued sheriff from that time during the term for which he was elected.

It is no excuse for failing to return an execution issued upon a judgment on a forfeited delivery bond, that the security in the delivery bond is a married woman— the sheriff cannot set up that the delivery bond, judgment and execution thereon, are void on account of the coverture of the security.

If the declaration states a cause of action, though defectively, a demurrer to a subsequent pleading will not reach back to the declaration. (18 *Ark.* 286.)

In assessing damages against the defendants in an action on a sheriff's bond, for failing to return an execution, interest will be computed on the aggregate of the debt and interest in the execution at the rate of interest thereon. (*Henry vs. Ward,* 4 *Ark.* 151.)

*Appeal from Ashley Circuit Court.*

Hon. JOHN C. MURRAY, Circuit Judge.

YELL & HUTCHINSON, for appellants.

S. H. HEMPSTEAD and J. C. WADDELL, contra.

Mr. Justice FAIRCHILD delivered the opinion of the court.

In this suit judgment was given against James Norris and Joseph P. Dean, who appealed therefrom.

The action was brought upon a sheriff's bond, which is in the usual form, in which Norris is principal, and Dean and others are securities; and the complaint of the declaration is, that an execution issued from the office of the clerk of the Circuit Court of Ashley county, in favor of Philip Derton, against Thomas Thompson and Frances Thompson, which was in the hands of Norris, the sheriff of the county, while the bond sued on was in force; that it was the duty of Norris to have returned the execution on the 8th of April, 1856, that he failed to do so, and for such failure he became liable to pay to Derton the amount called for by the execution; that Norris, not having paid the same to Derton, he and his securities were liable therefor on the sheriff's bond.

No question is made but that, under the 74th section of chapter 68, Gould's Digest, a sheriff is bound to pay the amount due upon an execution for not returning it according to law; and indeed the statute is too plain and positive for any such question to be entertained.

But in excuse of the failure of Norris to return the execution upon the appointed day, the defendants, by their 15th plea, urged that he was hindered from so doing by the conduct of Derton, for whose use this suit is brought, and which is set forth in the plea. We can perceive no real difference between this plea and the 8th plea, on which an issue was made up, and by which the defendants had the benefit of a trial of its subject matter—they were not, therefore, injured, though the 15th plea had not been adjudged bad on demurrer. *Patterson vs. Fowler*, decided October term, 1860; *Spencer vs. McDonald*, present term.

Aside from that, the plea was bad; and if it had been the

only one of the sort should have been quashed.   For whatever the conduct of Derton might have been in embarrassing the sheriff in making his sales, or in  adjusting or collecting their proceeds, he could not have been hindered thereby from returning the execution according to law.   If he could not sell, or did not have the money, or had in any way been obstructed in his duty on account of Derton's interference, he could and should have returned the execution, and the validity of his excuses for not having the money, which the execution commanded him to have, might then have been the subject of inquiry; whereas, now the inquiry is limited to the fact of the non-return of the execution upon its return day.

Occupying the situation that sheriffs do, acting between and for hostile parties, they must expect to be held to responsibility, must discharge themselves from it in the only safe way, by doing what the law requires them to do; and such hindrances as Norris alleges cannot dispense with the performance of duty.

By the condition of their bond, the defendants acknowledged that Norris was sheriff of Ashley county, on the 23d of February, 1856, and the law will presume him to have continued such till October, 1856, two years from the time for his qualification in 1854.   To admit the defendants to insist that Norris vacated his office by not giving bond till the date of their bond, would be to allow them to deny what their own acknowledgment under their hands and seals, estops them from denying. Not being allowed to deny the fact of Norris being sheriff when the execution was in his hands upon its return day, the first plea of the defendants making such denial was properly disallowed,   *Budgett vs. Martin*, 7 *Eng.* 744; *Sullivan vs. Pierce*, 5 *Eng.* 503; *Outlow vs. Yell*, 3 *Eng.* 353.

The defendants plead that Frances Thompson the security in the delivery bond, on which the unreturned execution was issued, was a married woman; thence inferring that the delivery bond was void, that the execution issued upon it was void, and that Norris, the sheriff, was not obliged to make return of a

OF THE STATE OF ARKANSAS. 527

TERM, 1861.] Norris et al. vs. State use Derton's adr.

void execution. To which plea the plaintiff replied that Norris, himself, took Mrs. Thompson as good security in the delivery bond, and the defendants rejoined that Derton, for whose use this suit is brought, consented that Norris should accept Mrs. Thompson as security, in the delivery bond, for her husband. The plaintiff demurred to that rejoinder, and the defendants insist that the demurrer must reach back to the first erroneous pleading, which they contend to be the declaration. Conceding such to be the effect of the demurrer, we cannot allow it to extend to the declaration, for if it had formal defects, yet in stating the bond of the defendants, the issuance of the execution, its being in the hands of Norris, while the bond was in force, his failure to return it, it states a cause of action, though it had been defectively stated, and cannot be affected by a demurrer, reaching backwards through other pleadings. *Bradley vs. Hume*, 18 Ark. 286.

The plea was the first pleading that could not by any manner of stating its allegations, make a good defence. For though Mrs. Thompson was a married woman, it rested with her to set up her marriage as a disability to execute a delivery bond made by her. Although, if she claimed the benefit of marriage against the delivery bond, it might have been avoided, she might not do so, preferring not to avoid but to abide by the responsibility of her signature, and Norris cannot plead the coverture to discharge himself.

Then, though the rejoinder was good for the replication, and that avoided the plea, the plea need not have been answered, and should be held bad upon the demurrer to the rejoinder, and this disposes of the question made under the 4th plea.

The execution upon the delivery bond recited the recovery of four hundred and seventy-six 81-100 dollars, on the 4th of April, 1855, with interest at ten per cent. from the 1st of January, 1855, and commanded the sheriff to make said debt and interest. Upon the aggregate of that debt and interest, interest at ten per cent. per annum, was due to the plaintiff in the judgment. *Ch.* 92, *sec.* 4, *Gould's Digest*; *Henry vs. Ward*, 4 Ark.

151.   The jury should not then have computed interest at six per cent. and the damages cannot be excessive for allowance of the greater rate of interest.

No other questions are presented by the appellants, as the instructions given and refused, of which the appellants complain, have been passed upon in disposing of the pleadings.

Let the judgment be affirmed.