ATKINSON ET AL. v. HEER & CO.

SHERIFF: *Liability for failure to return execution: Defenses.*

In a proceeding by a judgment creditor against a sheriff and his securities for failure to return an execution, it is no defense that the defendant in the execution was insolvent, and the plaintiff was therefore not damaged; nor that the deputy sheriff indorsed a return upon the execution, and went to the clerk's office to file it, but the clerk was absent and he was afterwards prevented by his official duties from returning to the clerk's office, without further showing that the office remained closed beyond the life of the execution, and he returned it as soon afterwards as practicable.

APPEAL from *Boone* Circuit Court.

Hon. J. M. PITTMAN, Circuit Judge.

*C. B. Moore* for appellant.

Appellant had the right to show the insolvency of the judgment debtors, that nothing could be made, and hence appellant was not damaged. He should also have been allowed to show that it was impossible for him to return the execution, or that he used due diligence to do it, but was prevented by accident or unforeseen circumstances, etc.

*Within the sixty days he made his return on the execution,* but by the absence of the clerk, and his being called away on official business he had no opportunity to lodge it with the clerk until the sixty days were out. This is a harsh statute, but certainly not intended to punish *under any and all circumstances*. See *1 Littell, 354; 3 Metc., 184, 324; 2 La. An., 411; 2 Ib., 407, 370; 3 Ib., 622; 12 Ib., 174; 4 Zab. (N. J.), 627, 542; 16 Ohio St., 50; 10 Ohio, 47; 3 Ohio St., 522; 10 Ib., 28; Ib., 77; Herman on Ex., p. 630, sec. 414; 3 Seld., 550; Freeman on Ex., p. 369.*

*J. Frank Wilson* for appellee.

The law of this case was settled in *40 Ark., p. 377*. On the remand of the cause the court erroneously permitted appellant to set up certain defenses. *Bliss on Code Pl., 430*.

It is well settled by this court that when the statute prescribes a duty, prescribing a penalty for non-performance, the officer must *strictly* comply. *Gantt's Digest, sec. 3657; 40 Ark., 377, and cases cited; 45 Ala., 361; Binmore on Sheriffs, 271; Peters Ct. Ct., 241.*

*L. Gregg* also for appellees.

The cases cited from Ohio, Kentucky and Louisiana do

not sustain the position of counsel. Their statutes are materially different from ours. The Supreme Court of Louisiana say their statute is not penal in its nature, it is only a statutory mode of enforcing a right, etc. (*3 La. An.*, *622*, *and cases cited.*) Our statute is penal. (*25 Ark.*, *353*.) The officer is liable, whether or not diligence would have resulted in satisfaction of the execution.

The facts set up show no sufficient excuse.

COCKRILL, C. J. This is a continuation of the case reported in 40 Ark., 377. It is a summary proceeding under the statute by a judgment creditor for judgment against a sheriff and his sureties on his official bond for failure to return an execution. On the return of the case to the Circuit Court, Atkinson, the sheriff, was allowed to file an amended answer. It alleged that the defendants in the execution were insolvent when judgment was rendered and have continued so ever since, and that, before the return day of the execution, Atkinson's deputy indorsed a return in proper form on the execution, and Atkinson took it to the clerk's office to be deposited there as the law directs, but the office was closed, and he was called away on official business, and was detained on that account until the return day had passed. The sufficiency of this answer is questioned by demurrer.

SHERIFFS: Defenses for failing to return execution. The object of this proceeding is not to make the sheriff liable for failure to make the money on the execution ; but for a failure to return it as commanded. It was ruled, on the former determination of the case, that the statute is sufficient for that purpose. The plaintiffs' rights are purely statutory, and if they make a clear case under the statute, it is no defense to their claim that they have not been damaged. No discretion is left to the court as to the amount of the judgment to be recovered. In the language

Atkinson et al. v. Heer & Co.

of the statute judgment shall be rendered against a sheriff for failing to return an execution for "the amount of the judgment in which it was issued, including all the costs and ten per centum thereon." *Mansfield's Digest, sec. 3964.*

The fact of the insolvency of the defendants in the execution does not, of itself, afford the sheriff a sufficient excuse for a failure to return the execution. *Heer v. Atkinson, 40 Ark., 377; McGee v. Robins, 2 La. An., 411; Bassett v. Bowmar, 3 B. Mon., 325; Freeman Executions, secs. 368 and n. 7.*

The motive of the Legislature, no doubt, in denouncing this heavy penalty against a failure to return an execution, was to compel diligence and punctuality on the part of sheriffs and like officers ; and although the act is unbend-ing in its terms, still, when a delinquency is complained of, and the penalty claimed, and the circumstances show that the case comes within the letter but not within the spirit of the act, the familiar rule that a statute should be interpreted with reference to its actual scope and object, and the correction of the evil it was designed to remedy, will mitigate the rigor of the literal terms of the law, we should have no hesitation in refusing to enforce the penalty where the officer is without blame; but the answer does not make a showing that relieves the officer in this instance. In the original answer he alleged that he had indorsed his return on the writ, but had failed to lodge it in the clerk's office as required. This was held insufficient in the former determination of this case, and he has added to this an allegation that the return was not made because the clerk was absent from his office on one occasion when he went there for that purpose, and that his official duties thereafter prevented him from returning to the clerk's office. If it were shown that the clerk's office had been closed for such a time toward the close of the life of the

execution as absolutely to prevent the officer from making a return, that would be a sufficient excuse for not returning it within the sixty days, but the obligation would remain upon the sheriff of perfecting his return at as early a day as practicable thereafter. It does not appear that the execution in this case has ever been returned. There is no reason shown why the deputy who indorsed the return on the writ could not have returned it to the clerk within the sixty days.

The penalty in this case is severe for the omission of an act which probably has not prejudiced the plaintiffs at all, but the law is so written, and our duty is plain.

Affirm.