## WILSON *v.* YOUNG.

### Opinion delivered March 17, 1894.

1. *Execution—Sheriff's liability for non-return.*

   The mere endorsement of his return upon an execution by a sheriff within sixty days will not avoid his liability for failure to make actual return of the writ to the clerk within that time.

2. *Statutes—Repeal by implication.*

   Sections 3061-2, Mans. Dig., which provide, in substance, that if an officer receiving an execution shall not return it "on or before the return day therein specified," he shall be liable to a penalty, to be collected in an action upon his official bond, were not impliedly repealed by the provisions of the civil code relating to the issuance and return of executions. (Civil Code, secs. 672-9.

3. *Execution—Sheriff's failure to return.—Liability of sureties.*

   Under secs. 3061-2, Mansf. Dig. providing that if the officer receiving an execution shall not return it "on or before the return day therein specified" he "shall be liable and bound to pay the whole amount of money in such execution specified," and that any person aggrieved by the non-payment of such amount "may have his action against the officer and his sureties upon his official bond," the sureties on a sheriff's bond are liable for the amount of money specified in an execution which the sheriff failed to return within the time prescribed by law.

4. *Survival of action—Statutory penalty.*

   An action against a sheriff and his sureties to recover the statutory penalty for his failure to return an execution within the

time prescribed by law is an action *ex contractu*, on his official bond, and, upon the sheriff's death, survives against his personal representative.

Appeal from Saint Francis Circuit Court.

MATTHEW T. SANDERS, Judge.

*Geo. Sibly* for appellants.

1. The demurrer should have been sustained to the complaint. Secs. 3061 and 3062, Mansf. Dig., are taken from the Rev. St. ch. 60, secs. 62, 63, and there must have been loss or damage to the execution creditor before he can recover. Murfree on Off. Bonds, sec. 494.

2. The action did not survive. *Ib.* sec. 654. It did not survive at common law, and is not made to survive by statute. 96 N. Y. 323; 13 Sup. Ct. Rep. 232.

3. Secs. 62, 63, ch. 60, Rev. St. are repealed by the Code. 10 Ark. 591; 31 *id.* 17; 46 *id.* 438, 448; 47 *id.* 491.

4. The return was made in due time, though not filed in time.

*James P. Brown* for appellees.

1. The complaint was framed after the one approved in 40 Ark. 377, in 44 *id.* 175, and in 47 *id.* 373. The liability of a sheriff for failing to return an execution is fixed.

2. That the action survived is plain from a reading of the statute. Mans. Dig. secs. 5223-4.

3. The case of *Huntington* v. *Attrill*, 13 Sup. Ct. Rep. 232, does not support the appellant's contention. Its reasoning is conclusive that the action does survive under our statute.

MANSFIELD, J.

This was an action against the administrator of D. M. Wilson, late sheriff of St. Francis county, and the sureties on his official bond, for his failure to return,

according to law, an execution issued on a judgment of
the circuit court of that county in favor of the appel-
lees. The complaint was filed under section 3061,
Mansf. Digest; and, after alleging the facts necessary
to a recovery under that statute, as against a sheriff
and his sureties, it shows that Wilson died after the
return day of the execution, and that administration
upon his estate was granted to the person sued as his
personal representative.

The section of the digest mentioned above provides
that if the officer receiving an execution shall not return
it "on or before the return day therein specified," he
"shall be liable and bound to pay the whole amount of
money in such execution specified;" and the next suc-
ceeding section (3062) provides that any person aggrieved
by the non-payment of such amount "may have his
action against the officer and his sureties upon his offi-
cial bond." (Mansf. Dig., 3062.)

A demurrer to the complaint, on the special ground
that it stated no cause of action against the administra-
tor of the deceased sheriff, was overruled, and, the
defendants having answered denying the failure com-
plained of, the cause was tried by the court without a
jury. The finding being for the plaintiffs, they recov-
ered the amount specified in the execution, with interest
at the rate borne by the original judgment.

It is conceded that the execution was not filed in the
clerk's office within the time in which the law required
it to be returned;[1] and the only fact urged as showing
error in the court's finding is that a return dated before
the return day was indorsed upon the execution. But
this court has held that the mere indorsement of a
return upon the execution does not avoid the liability of
the sheriff for a failure to make an actual return to the

1. Liability
of sheriff for
non-return of
execution.

---

1.  "All executions shall be returnable in sixty days from their
date." Mansf. Dig. sec. 2971.

clerk of the execution itself. · *Atkinson* v. *Heer*, 44 Ark. 174. And in the present case it is not contended that an actual return was either made or attempted within sixty days from the date of the execution.

The correctness of the judgment is denied here, not only on the ground stated in the demurrer, but on two additional grounds. The first of the latter is that the statute on which the action is based was by implication repealed by the enactment of the Civil Code ; and, in the second place, it is argued that, conceding the statute to be in force, the sureties of a sheriff cannot be made liable under it except where the execution plaintiff has sustained an actual damage.

2. As to repeal of statute by implication.

The statute embraced in the sections referred to (Mansf. Dig. secs. 3061, 3062) has been treated as an existing law of this State, and its penalty enforced in cases determined here since the adoption of the Code ; and it does not appear to us that there is any repugnancy whatever between it and the Code provisions cited as having accomplished its repeal.[1] *Jett* v. *Shinn*, 47 Ark. 373 ; *Hawkins* v. *Taylor*, 56 Ark. 45. · ·

3. Liability of sureties on sheriff's bond.

In *Hawkins* v. *Taylor*, just cited (56 Ark. 45), the proceeding was by motion, under sections 3963-4, and appears to have been against the sheriff alone. The latter sections are from an act of the general assembly imposing upon the officer and his sureties a greater penalty than the act from which sections 3061-2 are taken, and provide for its recovery by summary judgment. As pointed out in Hawkins' case, the penalty recoverable under sections 3963-4 is for a failure to make any return at all of an execution ; while that of section 3061 is recoverable by an ordinary action at law prosecuted upon complaint and summons, and is for a failure to return an execution on or before "the return day therein specified." Hawkins incurred the penalty in-

---

1. Sections 672-679, Civil Code.

flicted by section 3061, and on his appeal a judgment was entered against him here for the amount of the execution he failed to return, and interest, but not for the damages claimed under sections 3963-4. The court ruled that the motion of Taylor contained all the allegations essential to a complaint under section 3061, and that the defendant had waived the issue and service of a summons by entering his appearance. There was no suggestion in the opinion of the court that Hawkins' sureties would not have been held equally liable for the penalty with himself if they had been made parties. And in *Atkinson* v. *Herr*, 44 Ark. 174, S. C., 40 Ark. 377, the severer penalty inflicted by sections 3063-4 was recovered alike against the sheriff and the sureties on his official bond. Although the proceeding in Atkinson's case was summary, it was, as to the creditor, remedial[1]; and being, like this, upon the bond of the officer, we are unable to see how the mode by which jurisdiction was acquired over the persons of the defendants can affect either of the questions we are considering.

But *Norris* v. *State*, 22 Ark. 524, and *Jett* v. *Shinn*, 47 Ark. 373, were actions, in the usual form, against the sheriff upon his official bond, and, like this suit, were brought under section 3061 for failure to return an execution within the time prescribed by law ; and in both those cases the penalty of the statute was enforced as well against the sureties as against their principals. This was done in obedience to a plain and express requirement of the law; and, if further authority is needed to show that the rule contended for by the appellants cannot prevail in a proceeding such as this upon the official bond of the sheriff, we may cite the case of *Christian* v. *Ashley Co.* 24 Ark. 142–147. There the action was against Norris, a delinquent collector, and the sureties on his bond, to recover the amount of

---

1.  *Huntington* v. *Attrill*, 146 U. S. 657.

certain revenue due to the county, together with a heavy penalty imposed by statute for his delinquency in failing to pay it over[1]; and it was contended that the sureties were not liable for the penalty. In holding that they were liable, the court said: "The condition of the collector's bond is for the faithful performance of the duties of his office, and for the well and truly paying over all moneys collected by him by virtue of his office. It is true that the condition of the bond does not recite that either the collector or his sureties shall be liable for any penalties for his failure to pay over moneys collected by him, but the parties must be understood to contract in reference to the law in force at the time the bond is executed. The law clearly imposes penalties upon the delinquent collector, and we think it was the intention of the legislature to make the sureties liable for the amount of penalties imposed upon him for his delinquencies."

4. As to survival of action to recover penalty.    This decision is also directly opposed to the position of the appellants here as to the survival of the cause of action. They contend that it did not survive against Wilson's administrator because it was for a *tort*. But the default of Wilson was certainly not more tortious than that of Norris; nor did the bond on which Norris and his sureties were sued embrace any element or characteristic of a contract that is not also found in the bond executed by these sureties and their principal. It will be noticed that the court regarded Norris' delinquency as the breach of a contract; and for the same reason the failure of Wilson to perform an official duty, although treated as a tort by the statute imposing the penalty in question, was a breach of the contract he and his sureties entered into when they executed the bond on which this suit was brought.[2] The condition of his bond was

1. Gould's Dig. ch. 147, secs. 37–45.
2. See Cooley on Torts, 103–106; *Rich* v. *New York, etc. R. Co.* 87 N. Y. 382; *Dean* v. *McLean*, 21 Am. Rep. 130.

that he would "well, truly and faithfully discharge and perform the duties of his office." [1] The laws defining those duties were, in legal contemplation, as much a part of his contract as if they had been recited in the bond ; [2] and he and his sureties must therefore be held to have bound themselves, not only that he would perform the duty which the complaint charges he neglected, but that they would pay the penalty incurred by its non-performance. It is therefore not improper to consider the statute as if it were a stipulation of the parties liquidating the damages recoverable for the breach complained of.

Such is the effect given to a similar statute by the Supreme Court of Illinois in *Robertson* v. *County Commissioners* (5 Gilman, 559, 569) which was an action upon the official bond of a constable for his failure to return an execution. With reference to the contention made in that case that, in the absence of any real injury, the damages recoverable were only nominal, Judge Trumbull, in delivering the opinion of the court, said : "The statute requires an execution to be returned within a certain time, and, lest this requirement should be disregarded, provides that if a constable will continue to violate his duty by failing to return an execution for ten days after its return day, both he and his securities shall be liable to the party aggrieved for the full amount of the execution, and interest upon the judgment on which it issued. It was undoubtedly competent for the legislature to impose such a liability for a failure by the constable to perform his duty, and the numerous cases cited to show that, as a general rule, the obligors upon a bond are only liable to respond in damages to the

1. Mansfield's Digest, sec. 6314.

2. *McCracken* v. *Hayward*, 2 How. (U. S.) 612 ; *Christian* v. *Ashley Co.* 24 Ark. 147 ; *Wycough* v. *State*, 50 Ark. 107 ; *Hecht* v. *Skaggs*, 53 Ark. 293 ; *Robertson* v. *County Commissioners*, 10 Ill. 565 ; Throop's Public Officers, sec 292.

amount of the real injury occasioned by the breach complained of, can have no application to this case, because the legislature has declared what the measure of damages shall be."

And so we may say in this case that the rule stated by the authorities cited by the appellants is not the rule in Arkansas; and the fact that it does not apply here in suits like this is noted by Mr. Sutherland in his treatise on Damages. 2 Suth. Dam. sec. 488, n. 3.

In his work on Torts, Judge Cooley, after saying that in some instances "they seem to be mere breaches of contract," and that "in many cases an action as for a tort or an action as for a breach of contract may be brought by the same party on the same state of facts," speaks further on the subject in the following language: "There are also in certain relations duties imposed by law, a failure to perform which is regarded as a tort, though the relations themselves may be formed by contract covering the same ground. The case of the common carrier furnishes us with a conspicuous illustration. The law requires him to carry with impartiality and safety for those who offer. If he fails to do so, he is chargeable with a tort. But when goods are delivered to him for carriage, there is also a contract, express or by operation of law, that he will carry with impartiality and safety, and if he fails in this there is a breach of contract. Thus for the breach of the general duty imposed by law because of the relation, one form of action may be brought, and for the breach of contract another form of action may be brought." Cooley on Torts, 103–106.

"A tort," says another writer on the same branch of the law, "may be dependent upon, or independent of, contract. If a contract imposes a legal duty upon a person, the neglect of that duty is a tort founded on contract, so that an action *ex contractu* for the breach

of contract, or an action *ex delicto* for the breach of duty, may be brought, at the option of the plaintiff." Addison on Torts.[1]

We have no adjudications contravening the doctrine of these authorities.[2] *Bagley* v. *Shoppach*, 43 Ark. 375, was a suit in the circuit court against an officer for the amount of fees illegally exacted, and for a penalty recoverable for exacting them, under section 1760 of Mansf. Digest. That statute provides for no proceeding upon the officer's bond, and the suit was not so brought. It was urged that the court had no jurisdiction because the amount in controversy was under $100. That " would be true," the court said, "if the suit were based on contract. * * * Appellant has not declared upon an implied promise of the appellee to repay what he had no right to receive, but he sues for the official tort, and goes for the forfeiture and penalty which are the damages awarded by the statute for the tort." And it was therefore held that the action was *ex delicto*. The distinction thus recognized was observed in the subsequent case of the *B. & O. Telegraph Co.* v. *Lovejoy*, 48 Ark. 301, where it was decided that an action against a telegraph company to recover a penalty for the non-delivery of a message was not within the jurisdinction of a justice of the peace, for the reason that it was not *ex contractu*, but arose on the statute inflicting the penalty. Mansf. Dig. sec. 6419.

A case more recently decided was a proceeding against a constable to recover the penalty imposed by section 4128 of Mansf. Digest for a false return. The action was not upon the constable's bond, and the question was whether it was *ex contractu* or *ex delicto;* and the court held that it was the latter, for the reason that it was

1. Cited in *Dean* v. *McLean*, 48 Vt. 412; S. C. 21 Am. Rep. 132; see also *Lee* v. *Hill*, 24 Am. State Rep. 666.

2. See *Johnson* v. *McDaniel*, 15 Ark. 110.

based upon no contract, either express or implied.  *Mer-field* v. *Burkett*, 56 Ark. 592.

There is nothing, then, in either of these three cases that conflicts with the view we have indicated as to the nature of the present case.  They were actions not founded in any sense upon contracts ; while this action, as we hold, is founded upon a contract, namely, upon the bond executed by the defendants ; and, if we are correct in treating the cause of action as one that arises *ex contractu*, its survival against the administrator of Wilson will not, we suppose, be questioned.  On this point, however, we cite the case of *Lee's Adm'r* v. *Hill*, 87 Va. 497 ; S. C. 24 Am. Rep. 666.  See also *Hecht* v. *Skaggs*, 53 Ark. 293 ; Mansf. Dig. secs. 3898–3901, 4944.

Under our laws, a suit will abate on the death of the defendant where the cause of action for which it is brought would not itself have survived.  (Mansf. Dig. secs. 5234–5236.)  We have statutory provisions making it equally undeniable that the surety of a sheriff, forced to pay a liability on his bond, has a right of action against the sheriff, and, in case of the latter's death, against his administrator, to recover back the sum thus paid.  (Mansf. Dig. secs. 6405, 6414, 6415.)  But if the rule as to the survival of actions be that insisted upon by the appellants, it would in many cases subject the sureties to an injustice which the statutes cited in this connection do not allow us to believe the legislature has intended.  Thus, for illustration, this action, according to the view of the appellants, would have abated as to Wilson on his death, if it had been then pending against him, although it would have continued against his sureties.  Mansf. Dig. secs. 3900, 4944, 5234.  And thus they would have been compelled to bear the burden of satisfying the execution creditor's demand, however solvent Wilson's estate may have been ; and in seeking

re-imbursement it is easy to see that they would suffer, not only delay, but in many instances actual loss, under our system of administration, if the estate proved to be insolvent. (Mansf. Dig. secs. 96, 99.) Besides, we think the law has not intended an injustice so manifest as to abate the action against the sheriff in the case supposed, and not abate it under like circumstances as against one of his sureties. Nor could the law justly permit the suit to abate as to one surety, and allow it to proceed to judgment against his co-surety.

Our conclusion is that the action was maintainable against all the defendants as if upon a contract broken by an act or omission not constituting a tort; and we express no opinion as to whether, if the cause of action had been for the tort merely, and as a wrong not involving any breach of the bond, it would have survived under our statute. (Mansf. Dig. sec. 5223.)

Affirmed.

Bunn, C. J., (dissenting.) The question in this case is whether or not the plaintiffs' cause of action against the late D. M. Wilson, as sheriff of St. Francis county, for failure to return an execution—for summary judgment for the full amount of plaintiffs' original judgment, cost and interest—survives after his death against his administrator and his sureties.

The plaintiffs' suit is apparently a substitution for the motion provided for in the first subdivision of section 3964, Mansfield's Digest, in the chapter denominated "Judgments Summary"—a chapter made of portions of the Civil Code and the act approved February 15, 1887.

It is also contended that the proceeding is based upon the provisions of Mansfield's Digest, sections 3061–3064 inclusive—sections that come down to us from the Revised Statutes of 1837–8. The offenses and penalties, however, are different in the two statutes.

Whether the act of 1857, repeals the corresponding section of the Revised Statutes, or not, I will not now stop to discuss, as it really makes little difference in our present inquiry.

It is evident, moreover, that this statute gives two remedies, one by motion for summary judgment, and the other by suit on the bond of the sheriff. If by motion, the judgment against the sheriff and his sureties must be a sum certain—the amount of the judgment upon which the execution was issued, the costs of that proceeding, and ten per centum thereon. Being a summary proceeding, it is not a trial by jury, but by the court. There being no defense to the proceeding except a denial of the failure to return, there is not, at least not necessarily, any consideration to the plaintiff for his claim. The object of the procedure is not to pay him anything owing to him, or to indemnify him for any loss, but the sole object is one of governmental policy, to compel a rigid and strict performance of duty on the part of this public officer. In other words, the amount so recovered of the sheriff and sureties is a statutory penalty assessed upon the defaulting officer, and given to the private individual most nearly connected with the transaction, most interested in it, and therefore the one most likely to pursue the sheriff with most vigilance and tenacity. On the other hand, the remedy by suit on the official bond of the sheriff must be in the name of the State for the use and benefit of the plaintiff, or the person aggrieved, and can result at farthest only in the recovery of a sum equal to the loss and damage claimed. Murfree on Official Bonds, sec. 654. It is plain that the one is an action (if a distinct action at all) *ex delicto*, and the other an action *ex contractu*, by the person aggrieved or injured. The one is a suit for a penalty imposed by law upon a sheriff for the commission of a tort ; the other is a waiver of the tort, and a suit on a contract of indemnity. The

one must be instituted within two years from the time the cause of action accrued, as provided by sections 4481 and 4482, Mansfield's Digest; and the other within four years, as provided by section 4485. It is evident, therefore, that the two procedures are not interchangeable, and the one cannot be made to answer the purpose of the other without the greatest confusion and an unnecessary destruction of all system. The case of *Hawkins* v. *Taylor*, 56 Ark. 45, is not in conflict with the view we here express.

It is proper, at this stage of the discussion, to inquire as to what actions survive against the legal representative of a deceased person, according to the laws of this State. It may be said that all actions upon contract survive. Section 5223, Mansfield's Digest, provides that actions for wrongs done to the person or property of another shall survive. The next section excepts actions for slander and libel. These two sections are taken from the Revised Statutes, and were originally taken substantially, if not literally, from the New York statutes, as we gather from the history of our earliest State legislation. In the absence of adjudications of our own, the construction put upon its identical or similar statute by the highest courts of that State are something more than persuasive, if, indeed, they be less than authoritative. The courts of that State have never considered acts of non-feasance of sheriffs and other public officers, like that under consideration, as being within the purview of that statute. *People* v. *Gibbs*, 9 Wend. 29; *Stokes* v. *Stickney*, 96 N. Y. 323. It is admitted everywhere that the rule thus adhered to in New York is the rule of the common law. *Lynn's Adm'r* v. *Sisk*, 9 B. Monroe, 135. The courts of the United States, wherein the common law procedure prevails, will not enforce a penal statute against a deceased person, even when sitting in a State where the action is expressly made to survive.

All suits for penalties abate in the Federal courts on the death of the persons sought to be made subject to them. *Schreiber* v. *Sharpless*, 110 U. S. 76.

The person authorized to sue has no vested right in the suit for a penalty, because at common law a repeal of the statute took away the right of action. *Union Pac. Ry. Co.* v. *Proctor*, 12 Col. 194 ; *State* v. *Mason*, 108 Ind. 48 ; *Western Union Tel. Co.* v. *Brown, ib.* 538 ; *Mix* v. *Ill. Central Ry. Co.* 116 Ill. 502; Endlich, Int. St., sec. 479.

Persons aggrieved or damaged have their actions against sheriffs on their official bonds, and these survive as do all other actions on contract. They also have their actions for wrongs done to their persons or their property, and these survive. Pains, penalties and punishments, which are imposed and inflicted at the instance and through the power of the sovereign, have their purpose, which ceases to be useful, humane or reasonable, if the subjects of them have gone off the stage of action. There is no vested right in the fruits of these penal proceedings and prosecutions, which the private individual can lay claim to ; and the sovereign cannot stoop to visit the pains and penalties, from which death has shielded the delinquent, upon the widow and the orphan.

There is a class of penalties which are the subjects of contracts between individuals, and suits for their enforcement survive against the legal representatives of the delinquent obligors. Such are penalties agreed upon by the parties in case of breaches of these contracts. These, however, are in reality not penalties, but liquidated damages. They are parts and parcels of contracts. The sums fixed are but the sums constituting the measure of damages agreed upon in cases of breaches of the contracts. This is to avoid disputes over the amounts to be recovered in case obligors fail to keep their covenants. The amounts are usually above actual

damages, it is true, but this is to cover such conse-
quential damages as cannot be ascertained and recovered
by suit otherwise.  There are these distinguishing feat-
ures in these liquidated damages which are not found in
penalties imposed, namely :  They are matters of agree-
ment between contracting parties, and not impositions by
the sovereign power.  They are always final, and not cu-
mulative ; whereas penalties may be, and often are, in ad-
dition to damages, accordingly as the will of the sovereign
may dictate.  Liquidated damages always go to the ob-
ligees who have been injured by the breach of the con-
tract, while penalties may go to the State, to the com-
plainant, or to any other person or object, which the will
of the sovereign may designate in its laws.  Liquidated
damages are always indemnities ; penalties are seldom
such.  The one, being purely a matter of contract, sur-
vives against the estate of those who fail to perform its
obligations.

It is argued that the sheriff and his sureties are
not only bound by the stipulations of the official bond,
but by all the provisions of law pertaining to the sub-
ject which are in force at the time of the execution of
the bond.  That is true, but what were the provisions of
the law in force in this State at the time the bond in this
case was executed?  That question is easily answered.
Section 3061, Mansfield's Digest, was in force then, but
that provided no remedy against the sureties.  Section
3062 was also in force, but that only authorizes a suit
on the bond by the person aggrieved—that is, injured.
Section 3063 was in force at the time, but every in-
stance therein mentioned is one in which the officer has
either levied upon property sold, received the money for
it, or should have so received it, and is virtually guilty of
either embezzlement or negligent waste ; and yet that
section for these positive malfeasances only authorizes
a suit on the bond, so far as the sureties are concerned,

while it authorizes summary proceeding by motion against the sheriff himself, but that only for the actual amount that ought to have been paid over. Section 3064 simply provides that proceedings against the officer by motion shall not exempt the sureties from liability on the bond.

So much for the sections of the Digest which have come down to us from the Revised Statutes. It would seem that appellant's contention that summary motions against sureties were not authorized by those old statutes is correct.

*The authority* for penalty judgments against officers and *sureties* is the act approved February 15, 1857, and digested as sections 3963–3966, inclusive, codified with the paragraphs of the Civil Code, under the head of "Judgments Summary," and digested as sections 3957–3962 inclusive. The first sub-division of section 3964 is the only law authorizing summary judgments against sheriffs and their sureties for his failing to return executions; and that fixes the amount of the penalty in each case at the amount of the judgment upon which the execution was issued, all the costs, and ten per cent. thereon, not a cent of which the plaintiff may be entitled to because of any loss or damage he may have suffered by reason of the failure to return the execution. Not a word is said in all these statutes that actions, or rather motions, for the recovery of these penalties survive after the death of the delinquents; not a word to indicate to us that the common law on the subject has been repealed, or in any wise changed; and yet there is not a court in all the land, so far as I can find, unless directed by express statute, that does not maintain the integrity of the common law rule; and this rule, up to this hour, has been the law, which is part and parcel of every official bond ever made in this State, as I view it; and I think the rule should still prevail, and for this reason

I am constrained, although reluctantly, to dissent from the opinion of the majority of the court in this case.

My brother WOOD concurs in this dissenting opinion.