HENDERSON-STURGES PIANO CO. v. SMITH, *Sheriff*.

No. 1898.   Opinion Filed July 23, 1912.

(125 Pac. 454.)

**SHERIFFS AND CONSTABLES—Liability—Amercement.** Section 5997, Comp. Laws 1909, which provides for the amercement of sheriffs, is imperative in its terms, and grants no discretion to the court. When a sheriff fails to. make return of a writ of execution as required by statute, it is the duty of the court to amerce him, whether his omission results from willful wrong or mere neglect, and whether such omission has resulted in actual injury or not.

(Syllabus by the Court.)

*Error from District Court, Pontotoc County;*
*A. T. West, Judge.*

Motion by the Henderson-Sturges Piano Company to amerce T. J. Smith, Sheriff of Pontotoc County, for failure to make due return of an execution. From an order denying the motion, the piano company brings error. Reversed, with directions.

*Thomas P. Holt,* for plaintiff in error.

HAYES, J.   On the 24th day of June, 1909, plaintiff in error obtained a judgment in the district court of Pontotoc county, in an action then pending in said court, entitled Henderson-Sturges Piano Company v. L. W. Simpson and J. W. Bolen. *A motion to vacate said judgment* was thereafter filed by defendants, which was overruled by the court.  In the interim an execution had been issued, directed to defendant in error as sheriff of said county, which execution was returned, "Nothing done."  On November 18, 1909, an alias execution was issued, directed to defendant in error, commanding him to take such goods and chattels of the said debtors as necessary to pay the sum specified in said judgment and 6 per cent. interest from the date of the rendition of the judgment, and further commanding defendant in error to make due return of said writ into court within sixty days, as required by law.  Defendant in error failed

to execute said writ and return same into court within said sixty days from date thereof. Fifty-eight days after the return day of said writ, the same was returned into court; but prior thereto, on the 3d day of March, 1910, plaintiff in error began this action in the court below by filing his motion to amerce defendant in error for the amount of said judgment, with 10 per cent. additional for failure to make due return of said execution within sixty days, as required by statute. Notice of this motion, as required by statute, was served upon defendant in error. Defendant filed no answer; and, so far as the record discloses, made no defense to the proceeding. Thereafter, on the 26th day of March, 1910, the court overruled said motion to amerce, and rendered judgment in favor of defendant in error. It is from the action of the court in overruling said motion of amercement that this appeal is prosecuted.

Section 5994, Comp. Laws 1909, makes it the duty of the sheriff or other officer to whom a writ of execution has been issued to return such writ into court within sixty days from the date of the issuance of same.

Section 5997, *Id.,* provides in part as follows:

"If any sheriff or other officer * * * shall neglect to return any writ of execution to the proper court on or before the return day thereof, * * * such sheriff or other officer shall on motion in court and two days' notice thereof, in writing, be amerced in the amount of said debt, damages, and costs, with ten per cent. thereon to and for the use of said plaintiff or defendant, as the case may be."

The foregoing statutes were adopted from the state of Kansas into this jurisdiction. In *Bond v. Weber,* 17 Kan. 410, they were construed by the Supreme Court of that state as follows:

"If we give to this language [referring to the language of the above statute] its ordinary meaning, there can be but one conclusion. It is not that he *may* be amerced, but that he *shall* be. The duty of returning the execution within 60 days is expressly cast upon him; and a failure to perform that duty as expressly subjects him to amercement. The terms of the statute imply no discretion. The command is positive and peremptory. The amercement is not in compensation, and to be

measured by the extent of the injury, but a penalty for neglect of duty, and of definite and fixed amount."

See, also, *Smith v. Martin,* 20 Kan. 572.

The sheriff, by failure to return said execution within the time required by law, brought himself clearly within the terms of the statute, and subjected himself to be amerced therefor. *Duncan v. Drakely,* 10 Ohio, 46; *Moore v. McClief,* 16 Ohio St. 50.

No brief has been filed in this court by defendant in error; and under numerous decisions of this court, among which are the following: *Sharpleigh Hdw. Co. v. Pritchard,* 25 Okla. 808, 108 Pac. 360; *School District No. 39, Pottawatomie County v. Shelton,* 26 Okla. 229, 109 Pac. 67, 138 Am. St. Rep. 962; *Butler v. Stinson,* 26 Okla. 216, 108 Pac. 1103; *Butler v. McSpadden,* 25 Okla. 465, 107 Pac. 170; *Ellis v. Outler,* 25 Okla. 469, 106 Pac. 957—the court is not required to search the record to see if there is any theory upon which the judgment of the trial court can be sustained; but, since the statute here involved is of a penal character, and great strictness is required of one who seeks to avail himself of the remedy it affords, we have carefully examined the record to ascertain if it presents any theory upon which the judgment can be sustained, but have been unable to find any.

The judgment of the trial court is reversed, with direction to proceed in accordance with this opinion.

TURNER, C. J., and WILLIAMS and KANE, JJ., concur; DUNN, J., absent, and not participating.