Rogers *vs.* Conway.

Constitution, the exercise of which, when legally called upon, it is not at liberty to decline.

The return, therefore, does not, in our opinion, show any legal ground for the refusal of the defendant to grant the appeal upon the prayer and demand of Levy; and as the facts set out in the writ unquestionably show in him a legal right thereto, the demurrer to the return must be sustained.

## ROGERS *vs.* CONWAY.

A party defendant, by agreeing to a continuance, waives any defect which may exist in the service of the original writ, and makes himself a party to the record.
Judgment by default against him thereafter is irregular, but cured by our statute.

THIS was an action of ejectment, tried in the Circuit Court of Hot Spring county, in August, A. D. 1840, before the Hon. JOHN J. CLENDENIN, one of the Circuit Judges. At the February Term, A. D. 1840, the case was continued, by consent of parties; and at the next Term, judgment by default was rendered against Rogers, the defendant, who sued his writ of error.

*Pike,* for the plaintiff, contended that there was no sufficient process or service, to warrant a judgment by default.

*Ashley & Watkins,* contra.

*By the Court,* DICKINSON, J.

We find none of the objections taken in the Court below tenable. We do not deem it necessary to determine the point, whether the process was sued out in strict conformity with the statute, or not; nor whether the notice was properly served. If there be any defects on these points, which we think questionable, there can be no doubt but that they are fully cured by the parties appearing in the first instance, and, by their consent, agreeing to a continuance. The object of service and notice was, to apprise the party of the nature of the pro-

ceedings against him. The fact of his agreeing to the continuance, is evidence of his having made himself a party to the record; and by such appearance, any defect that might exist, as to the service of the writ or notice, was waived. The judgment was entered by default against Rogers, the plaintiff having first continued as to Ford. This judgment is manifestly irregular, but its informality is cured by our statute of amendments. The proper judgment should have been by *nil dicit*.

Judgment affirmed.