Zerger et al. v. Quilling.

## ZERGER ET AL. V. QUILLING.

FEES:   *Sheriff's, for Liquor Licenses.*
  The provision in section 4, of the act of March 8, 1879, fixing the col-
    lector's fee at 1 per cent. of the amount paid for liquor licenses, was
    not repealed by section 156, of the revenue act of 1883.

APPEAL from *Desha* Circuit Court.
Hon. JOHN A. WILLIAMS, Judge.

*C. H. Harding* and *T. B. Martin,* for appellants.

The collector is only entitled to *one* per cent. on licenses
to sell liquors, and not *five* per cent.   His compensation is
fixed (*sec. 4, act of March 8, 1879*) at one per cent., and not
by *sec. 5797, Mansfield's Digest,* which is taken from *sec.
156, act of March 31, 1883.*

By reference to *sec. 156* it will be seen that *five* per cent.
can only be charged on such licenses as are delivered to
the collector in blank, and such as he must deliver to the
applicant as a matter of right, upon his complying with

the law and payment of the tax. To obtain a liquor license the party must apply to the county court, and it grants or refuses the license.

The licenses upon which the collector may legally charge five per cent., expire at different dates from liquor licenses. (*Acts 1883, sec. 156, p. 277; Mansf. Dig., sec. 4508.*) And the collector is required to report and settle *quarterly* for such licenses as he is allowed to charge five per cent. on ; not so with liquor licenses. *Acts 1883, sec. 157.*

*James Murphy*, for appellee.

The *act of March 31, 1883*, repealed *in toto* all of *sec. 4,* of the *act of March 8, 1879*, including the clause fixing the collector's fee at one per cent., and under the *act of 1883,* the collector is allowed five per cent. *Sec. 156.*

The *revenue act of 1883* was intended to cover the entire subject of revenue ; it changed the amount of license tax, and in fact repealed it, and fixed the fee at five per cent. *Section 226*, in *express terms,* repeals all laws inconsistent with it.

COCKRILL, C. J. This is an action under the statute against a collector for demanding and collecting an illegal fee. (*Bagley v. Shoppach, 43 Ark., 375.*) The question is whether so much of section 4, of the act of March 8, 1879, as fixes the collector's fee at one per cent. of the amount paid for a liquor license, was repealed by section 156 of the revenue act of 1883. The provision of the first act was carried forward into Mansfield's Digest, as section 4510; the other provision that is supposed to be inconsistent with it, appears as section 5797. Section 4510 has been amended and re enacted, allowing the collector a commission of two per cent. upon the amount paid, (see *Acts*

*1885, p. 88*), thus fixing the law with certainty for all cases arising since its passage. It is conceded that this controversy arose under, and that the rights of the parties were fixed by, the law as it stood prior to the amendment·

There can be but one construction of the meaning of the act of 1879, with reference to the collector's commissions. He was to receive one per cent. of the amount of the liquor license. No other license is referred to in the act. The liquor license is not mentioned in terms in section 156 of the act of 1883. It refers generally to licenses which the clerk signs in blank and delivers to the collector, to be by him *granted* as a matter of right, to any applicant who pays the license tax and fees. But a liquor license is not in that class. The county court grants or refuses that license, and it does not go as a matter of course. *Levy, ex parte, 43 Ark., 42.*

"Now," as was said in *Blackwell v. State, 45 Ark., 90,* "the revenue act of 1883 does not expressly repeal any provision of the license law of 1879"—the same acts now under consideration. "Nor do the two acts cover the same field of legislation; one being directed to the general subject of raising revenues, and the other to the particular subject of regulating the sale of intoxicating liquors. So that if there is any repeal in this case, it must be on account of an irreconcilable conflict between their several provisions." (See, too, *Drew County v. Bennett, 43 Ark., 364.*) But there is no such plain repugnance between the two provisions, that one must yield and give place to the other. Both may stand by construing the two to refer to different classes of licenses, as indicated above, and this, we think, was the intention of the legislature.

The judgment of the Desha circuit court must therefore be reversed, and the cause remanded for a new trial.