## HAWKINS *v.* TAYLOR.

### Opinion delivered April 9, 1892.

1. *Sheriff—Failure to return execution—Penalty.*

   Where a sheriff fails to return an execution on or before the return day, but makes return subsequently and before proceedings are instituted against him, he incurs, not the penalty imposed by sec. 3964 of Mansf. Dig. for failure to return an execution, but that fixed by sec. 3061, *ib.* for failure to return an execution on or before the return day therein specified.

2. *Execution—Return day—Sunday.*

   Where the return day of an execution falls on Sunday, the return should be made on or before the preceding Saturday.

3. *Process—Irregularity—Waiver.*

   Where a proceeding against a sheriff for failure to return an execution within sixty days is erroneously instituted by motion for

summary judgment, under secs. 3963-4, Mansf. Dig., instead of upon issuance and service of summons, as required under sec. 3061, *ib.*, the irregularity may be waived by entry of appearance and going to trial without objection.

4.  *Execution against "A. & Co."—Valid against A.*

Where a judgment is against A. & Co., and the execution follows it, the execution is good as against A., and the words "& Co." after his name afford no excuse to the officer for refusing or neglecting to return it.

Appeal from Crawford Circuit Court.

HUGH F. THOMASON, Judge.

Taylor was plaintiff in a judgment in the circuit court of Franklin county against P. R. Cravens & Co., upon which execution was issued on February 26, 1890, and on same day placed in the hands of J. D. Hawkins, sheriff of Crawford county. On the 26th day of April, 1890, he, as such sheriff, endorsed the execution, "no property found," and, on April 28, 1890, mailed the execution with his return endorsed thereon to the circuit clerk of Franklin county, by whom it was received on the same day. On May 12, 1890, notice was served on Hawkins of a motion for summary judgment for failure to return the execution within sixty days, which motion was filed on June 13, 1890. Defendant moved to strike the motion from the files ; this motion was overruled. Defendant answered, stating (1) that the execution was returned as required by law ; (2) that the judgment upon which the execution was issued was void, and the execution a nullity. Upon the evidence the court rendered judgment against defendant for the amount of the execution and interest, with ten per cent. damages thereon. Defendant has appealed.

*Sandels & Hill* for appellant.

1. The court had no jurisdiction to hear and determine the motion. The statute is highly penal, and must be strictly construed. 25 Ark. 353. Plaintiff's remedy, if any, was by suit at law under sec. 3061, Mansf. Digest,

and not by motion for summary judgment.  22 Ark. 524 and 40 Ark. 377 were cases where there was no return.

2.  The judgment was void, and the execution a nullity.  1 Black on Judg. 211.

3.  The execution was returned within the time required by law.  The sixtieth day was Sunday, on which no return could be had.  16 Mich. 9.  When the time expires on Sunday, a party has all the next day to do what is required.  6 Johns. 326; 3 Pa. 200; 33 Ga. 146; 46 Mo. 17; 9 Mo. App. 24; 30 La. Ann. Part. 1, 677; 61 Cal. 498; 65 How. Pr. 273; 104 Pa. St. 500; 14 Ill. App. 643; 34 Kas. 212; 18 Neb. 682.

COCKRILL, C. J.  1.  "For failure to return an execution" the statute imposes upon a sheriff a penalty equal to the amount of the judgment and costs and ten per cent. thereon.  Mansf. Dig. sec. 3964.

1. Liability of sheriff for failure to return execution

For failure to "return any such execution on or before the return day therein specified" a statute, which was in force when the first was enacted, imposed a penalty of the "whole amount of money in such execution specified," and no more.  *Ib.* sec. 3061.  There is no such plain repugnance between the two provisions that the latter must yield and give place exclusively to the former.  *Zerger* v. *Quilling*, 48 Ark. 157.

The two may stand together by applying the latter, according to its terms, in cases where there is a failure to return the execution "on or before the return day therein specified;" and by confining the other to cases wherein no return has been made at all.

The statute is highly penal, and its terms should not be extended by construction to cases not within its plain meaning.  The ten per cent. penalty has never been enforced in any case where the execution had been returned.  In this case the return was made before suit was instituted.  As the return was legal, although after

the return day, there could be no recovery of the ten per cent. penalty inflicted by the first section above.

2. Rule where return day falls on Sunday.

2. The execution was returnable, by its terms and by the law, "within 60 days" from its date. The sixtieth day after its date was Sunday, and the execution was returned the next day thereafter. It is argued that, as no return could be made on Sunday, the officer might legally postpone the act until Monday. But the statute· will not admit of that construction. It does not require the return to be made upon the sixtieth day only. If it did, and that day were Sunday, then the argument would be forcible. But executions are returnable "in sixty days from their date" (Mansf. Dig. sec. 2971), and a legal return may be made by the sheriff at any time after the writ comes to his hands—even a return of *nulla bona*, if he knows that the defendant is insolvent, and is willing to take the hazard of his remaining so. *Reeves* v. *Sherwood*, 45 Ark. 520.

The penal statute moreover prescribes that he shall be liable for a failure to make his return " on or before the return day." " On or before the return day " does not mean after the return day. *Alston* v. *Falconer*, 42 Ark. 117. And as the last day fell upon Sunday, it was the officer's duty to· make the return on the preceding Saturday. Crocker on ·Sheriffs, sec. 40 ; Sedgwick, Stat. & Const. Law, p. 358 ; Sutherland, Stat. Const. sec. 115 ; *Haley* v. *Young*, 134 Mass. 364 ; ex parte *Simpkin*, 105 Eng. C. L. 392 ; see Endlich, Int. of Stat. sec. 393.

The return was not made on or before the sixtieth day, and the penalty was incurred under section 3061.

3. Irregularity in process waived by failure to object.

3. The proceeding was instituted by motion for summary judgment under sections 3963-4, and it is argued that the plaintiff's cause should fall because those sections, as held above, do not apply. But the complaint contains all the allegations necessary to a

recovery under section 3061. The defendant demurred to it, and, after the demurrer had been overruled and the cause continued to another term, consented to an order setting aside the continuance, filed his answer and went to trial. Either of these acts was sufficient to enter his appearance and waive the formal issue and service of summons. The defendant was therefore in court, and cannot now be heard to object that he was brought in by notice instead of summons.

4. The judgment was against P. R. Cravens & Co., and the execution followed it. It was good as to P. R. Cravens. Adding the words "and company" after his name was at most an irregularity, and it afforded no excuse to the officer for refusing or neglecting to return it. *Jett* v. *Shinn*, 47 Ark. 373.

4. Validity of execution against "A & Co."

The judgment will be reversed, and judgment entered here for the amount of the execution and interest without damages.

It is so ordered.