GRUBBS v. NEEDLES et al.

(Circuit Court of Appeals, Eighth Circuit. October 14, 1895.)

No. 574.

UNITED STATES MARSHALS—LIABILITY FOR FAILURE TO RETURN EXECUTION— ARKANSAS STATUTE.

Section 3061, Mansf. Dig. Ark., in force in the Indian Territory, provides that for a failure to return an execution on or before the return day an officer to whom the process is delivered shall be liable for the whole amount of money specified in the execution. *Held* that, where a marshal has received two successive executions on the same judgment, and has failed to return either of them in time, the plaintiff in such executions is entitled to recover from him the whole amount specified in one of the executions, with interest, but without any damages. Hawkins v. Taylor, 19 S. W. 105, 56 Ark. 45, followed.

In Error to the United States Court in the Indian Territory.

This was an action by T. M. Grubbs, surviving partner of T. M. and L. R. Grubbs, as Grubbs Bros., against Thomas B. Needles, United States marshal for the Indian Territory, for a failure to return certain executions. The circuit court gave judgment for the defendant. Plaintiff brings error. Reversed.

Jo Johnson, for plaintiff in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge.    Section 3061, Mansf. Dig., in force in the Indian Territory, provides that:

"If any officer to whom execution shall be delivered shall neglect or refuse to execute or levy the same according to law * * * or if any officer shall not return any execution on or before the return day therein specified * * * then, and in any of the cases aforesaid, each officer shall be liable and bound to pay the whole ·amount of money in such execution specified or. thereon endorsed and directed to be levied. * * *"

The plaintiff in error, T. M. Grubbs, surviving partner of Grubbs Bros., on the 5th day of December, 1892, by the consideration of the United States court in the Indian Territory, recovered a judgment against Charles Samuels and K. T. Stovall as Charles Samuels & Co., Charles Samuels, J. H. Bowers, and C. A. Fargo, for the sum of $206.90 and costs.    On the 16th of December, 1892, execution was issued on this judgment, and placed in the hands of Thomas B. Needles, marshal of the Indian Territory, for execution.    This execution was returned, "No property found to satisfy the same," on the 15th day of February, 1893.    The execution was returnable by its terms and by the law "within sixty days" from its date.    On the 15th day of February, 1893, a second execution was issued on the judgment, and placed in the hands of the marshal for service, which was returned "No property found" on the 25th day of April, 1893.    For not returning these executions within the time required by the terms thereof and by the law, the plaintiff in error, in his complaint, prays for judgment for the amount of the executions, costs, interest, and damages against the marshal and his sureties on his official bond.

The defense set up in the answer for the marshal's failure to return the first execution within 60 days is that the defendants in the execution had no property.    The matters relied on in the answer for not returning the second execution within 60 days are that by due diligence the money could not have been made on the execution, and that in the lifetime of the execution the plaintiff therein directed and instructed the marshal "to make no further effort to levy said execution, or make the money on the same, but to return the same as unsatisfied to the clerk's office of the United States court."    Testimony shows that these directions of the plaintiff to the marshal, which the answer avers applied to the second execution, were in fact given in relation to the first execution.    There was a trial to a jury, and the court directed a verdict for the defendants.    We have decided at. the present term that section 3061, Mansf. Dig., is in force in the Indian Territory, and that proceedings thereunder may be had against the marshal and his sureties.    Manufacturing Co. v. Needles, 69 Fed. 68.[1]    The case at bar was ruled below before our decision in the case cited had been announced.    Owing to the variance between the allegations of the answer and the proof, the plaintiff would seem to have technically a cause of action for a failure to return both exe-

[1] 16 C. C. A. 132.

cutions. But it is clear the plaintiff can have but one satisfaction of his judgment. As observed by Chief Justice Cockrill in Hawkins v. Taylor, 56 Ark. 45, 19 S. W. 105: "The statute is highly penal, and its terms should not be extended by construction to cases not within its plain meaning." Touching the defense based on the alleged directions of the plaintiff to the marshal, we do not deem it necessary to do more than to call attention to the rule announced by the supreme court of Arkansas in a proceeding under this statute where that defense was relied on: "The sheriff is not excused from returning an execution by any conduct of the plaintiff which falls short of showing that the nonreturn resulted from the act or instructions of the plaintiff or was ratified or waived by him." The variance between the allegation of the answer setting up this defense and the proof can be removed by an amendment of the answer.

The extent of the recovery in proceedings under this statute is shown by the opinion of the court in the case of Hawkins v. Taylor, supra. Upon the record before us, the plaintiff was entitled to judgment against the marshal and his sureties on one of the executions for "the whole amount of money in such execution specified," and interest, but was not entitled to any damages. Hawkins v. Taylor, supra.

The judgment of the United States court in the Indian Territory is reversed, and the cause remanded, with directions to grant a new trial.