## STEEN VS SWADLEY.

Opinion delivered October 19, 1904.

1. *Appeal—Assignments of Error—Must be Definite.*

> An assignment of error, on appeal, that the court erred in permitting evidence to go to the jury "which evidence is fully set forth in the bill of exceptions" is too indefinite, and will not be considered.

2. *Appeal—Assignment of Error—Non-Compliance with Rule of Court—Dismissal.*

> For non-compliance with rule 10b requiring the specification of errors

to separately state each error asserted, to quote the full substance of evidence admitted or rejected and set out instructions complained of in totidem verbis, an appeal will be dismissed.

Appeal from the United States Court for the Northern District.

CHARLES W. RAYMOND, Judge.

Action by George E. Swadley against V. E. Steen. Judgment for plaintiff. Defendant appeals. Appeal dismissed.

On April 5, 1901, the appellee (plaintiff below) filed his complaint against appellant (defendant below), and for cause of action alleged that on October 28, 1898, plaintiff recovered a personal judgment against defendant in the Tuscaloosa county law and equity court (said court being held in Tuscaloosa, in Tuscaloosa county, Ala.), for $964.34; that plaintiff is the owner of said judgment, and the same is in full force—and asks judgment against defendant for the amount of said judgment, together with interest on the same. On November 5, 1901, defendant filed his answer, and said that whether or not plaintiff had recovered a judgment on October 26, 1901, against him, he had not sufficient knowledge or information in regard thereto to form a belief; denies that plaintiff is the owner of said judgment, and that the same is in full force; and denies that the plaintiff is entitled to a judgment on the judgment described; and asks to be discharged, with his costs. On November 7, 1901, defendant filed a supplemental answer, and says that there is not any record of the said supposed judgment as the plaintiff in his complaint has alleged, and this he is ready to verify, and prays judgment if he ought to be charged by virtue of the said supposed judgment. On November 19, 1901, the said cause was tried before a jury, who returned the following verdict: "We, the

jury duly impaneled and sworn to try the issues in the case of George E. Swadley against V. E. Steen, do find the issues in favor of the plaintiff, and assess his damages at $1,200.09. We also find the issues in favor of the plaintiff as to the attachment. W. L. Seran, Foreman." On the same day judgment was rendered as follows: "It is therefore ordered, considered, and adjudged by the court that the plaintiff have and recover from the defendant twelve hundred and 09-100 dollars, and his costs herein expended, and that the property heretofore levied upon by the writ of attachment in this action be sold as provided by law, and the proceeds applied to the satisfaction of said judgment, and the residue, if any, to be returned to the defendant." On same day defendant filed his motion for new trial, which on same day was overruled by the court, to which defendant excepted, and 60 days were allowed him to file bill of exceptions. On November 21, 1901, the following proceedings were had: "That afterward during said term, on the 21st day of November, 1901, the judge of said court required the plaintiff to remit enough of the verdict therein so that judgment might be rendered upon plaintiff's claim at the rate of six per cent. per annum, instead of eight; and, the said plaintiff having consented to said remittitur, the court set aside the aforesaid judgment rendered in said cause on November 19, 1901, and rendered judgment therein in the sum of $1,141.13, at six per cent. to the date of the verdict herein, and rendered judgment accordingly. To which action of the court in so doing the defendant then excepted, and still excepts. Whereupon the court fixed the appeal bond in this case at $2,000, and gave the defendant sixty days for filing his bill of exceptions herein." Defendant excepted and appealed to this court.

*Hill & Brizzolara*, for appellant.

*Lake Moore* and *Geo. B. Denison*, for appellee.

TOWNSEND, J. The only assignment of error filed by appellant is as follows: "The errors relied upon are set forth in detail in the motion for new trial given above. We consider it unnecessary to repeat them." The motion for new trial is as follows: "First. Because of error in the assessment in the amount of recovery. Second. Because the verdict is not sustained by sufficient evidence. Third. Because the verdict is contrary to law. Fourth. Because the court erred in giving to the jury instruction No. 1 over the objection of the defendant, to which the defendant then and there at the same time excepted. Fifth. Because the court erred in giving to the jury instruction No. 2 over the objection of the defendant, to which the defendant there at the time excepted. Sixth. Because the court erred in giving to the jury instruction No. 3 over the objection of the defendant, to which the defendant then and there at the time excepted. Seventh. Because the court erred in giving to the jury instruction No. 4 over the objection of the defendant, to which the defendant then and there at the time excepted. Eighth. Because the court erred in refusing to give to the jury instruction No. 1 asked for by the defendant, to which the defendant then and there at the time excepted. Ninth. Because the court erred in permitting evidence to go to the jury over the objections of the defendant, to which evidence the defendant then and there at the time excepted, which evidence is fully set forth in the bill of exceptions. Tenth. Because the court erred in permitting to go to the jury, over the objection of the defendant, certain statutes of the state of Alabama, and copy of transcript of judgment of the Tuscaloosa law and equity court, the same not being authenticated as required by law, to which action of the court in admitting the aforesaid evidence the defendant then and there at the time excepted, and still excepts. Eleventh. Because the court erred in charging the jury that they were to allow the plaintiff interest at the rate of 8 per cent. per annum, over the objections of the defendant, to which defendant then

and there at the time excepted." The fourth, fifth, sixth, and seventh of which purport to be alleged errors of the court in giving instructions to the jury. The court, as shown by the record, did not number the instructions given; but the appellant, apparently for his own convenience, has numbered them from 1 to 6 inclusive, the giving of the first four of which he sets out as causes for new trial. He also sets out, as the eighth cause for new trial, the refusal of the court to give instruction No. 1 requested by appellant.

Appellant, for his ninth cause for new trial, states same as follows: "Ninth. Because the court erred in permitting evidence to go to the jury, over the objections of the defendant, to which evidence the defendant then and there at the time excepted, which evidence is fully set forth in the bill of exceptions." As it is not designated to what the evidence points, it is too indefinite, and we doubt if we could discover from an examination of the bill of exceptions the evidence to which appellant alludes as this ground of his motion. In Edmonds vs State, 34 Ark. 737, the court say: "The fifteenth and sixteenth grounds are general assignments that the court erred in admitting and excluding evidence, pointing to nothing, and are too indefinite." In going through the record, which we have examined with some care, we observed quite a number of objections interposed by the defendant to certain testimony offered by plaintiff, which objections were overruled by the court, and exceptions saved by defendant. The appellee insists that this appeal should be dismissed for noncompliance with the rules of this court. Rule 10b 4 Ind. Ter. Rep. 754 is as follows: "A specification of the errors relied upon in law cases shall set out separately and particularly each error asserted and intended to be urged; and in equity cases the spcification shall state, as particularly as may be, in what the decree is alleged to be erroneous. When the error alleged is to the admission or to the

rejection of evidence, the specification shall quote the full substance of the evidence admitted or rejected. When the error alleged is to the charge of the court, the specification shall set out the part referred to, totidem verbis, whether it be in instructions given or in instructions refused. When the error alleged is to a ruling upon the report of a master, the specification shall state the exception to the report and the action of the court upon it." It will be observed that the requirement of this rule has been disregarded in several particulars: (1) Each error asserted and intended to be urged is not set out separately and particularly; (2) the requirement that, "when the error alleged is to the admission or rejection of evidence, the specification shall quote the full substance of the evidence admitted or rejected," has been wholly disregarded; (3) the requirement that "when the error alleged is to the charge of the court the specification shall set out the part referred to, totidem verbis, whether it be in instructions given or in instructions refused," has been wholly disregarded. It is also apparent that the motion for new trial is indefinite and uncertain. The court of Appeals of the Seventh Circuit, in Vider et al vs O'Brien, 62 Fed. 326, 10 C. C. A. 385 (Woods, J., delivering the opinion of the court), said: "The assignments of error are also defective. Neither the original assignment, nor an additional assignment which the record shows to have been filed some days later than the first, conforms to the requirement of rule 11 (47 Fed. vi, 1 C. C. A. xiv), that an assignment 'shall set out separately and particularly, each error asserted and intended to be urged,' and 'when the error alleged is to the charge of the court, the assignment of errors shall set out the part referred to totidem verbis, whether it be instructions given or refused.' This means, clearly, that there must be a separate assignment of error in respect to each part of the charge which is alleged to be erroneous, or, to say the least, if it is sought by a single specification of error to bring into question more than one proposition, it must be distinctly alleged that

there was error in giving or in refusing each severally of the propositions which it is intended to challenge. The language of the assignment here is, 'The court erred in charging the jury as follows;' and there follows the same series of propositions to which the general exception is shown to have been taken. There has been a failure, it is to be further noted, to comply with the requirement of rule 24 (47 Fed. xi, 1 C. C. A. xx), that the brief of the plaintiffs in error, after giving a concise statement of the case, shall contain a specification of the errors relied upon. A comparison of the language of this rule with that of rule 11 shows the intention to be that each specification of the brief shall conform substantially, if not literally, to the particular assignment of error on which it is predicated. And for convenience there ought to be, with each specification in the brief, a reference to the corresponding assignment of error, as well as to the place in the bill of exceptions or other part of the record where the alleged error is shown. It is possible that a painstaking search and comparison would show some of the numerous specifications of the briefs in this case to be substantially the same as some of the numerous assignments of error, but such search and comparison ought not to be imposed upon the court. The relation of each specification to its corresponding assignment should be in some way distinctly indicated." This is very like the case at bar, and so fully states the necessity of a compliance with the rules that we quote at some length.

By reason of the flagrant violation of the rules of this court, as well as the indefinite and uncertain grounds stated in appellant's motion for new trial, and at the request of counsel for appellee, we dismiss this appeal; and, it appearing that a supersedeas bond has been given by the appellant in this cause, let judgment be entered against the sureties on said bond, and the judgment of the court below be affirmed.

CLAYTON and GILL, JJ., concur.