## GRUBBS vs NEEDLES, ET AL.

### Opinion delivered October 19, 1904.

1. *Appeal—Assignments of Error—Dismissal for Non-Compliance with Rule.*

   There can be no reversal of a case, upon appeal, when no specifications of error, as required by rule 10 of this court, appear in the brief of appellant.

2. *Appeal—Record—Motions, not a Part of, unless Included in Bill of Exceptions.*

   A motion for judgment on the pleadings, simply copied by the clerk in the transcript, but not contained in a bill of exceptions, is no part of the record on appeal.

3. *Appeal—No Reversal for Error, when same is not Contained in Record.*

   A reversal, on appeal, of an order denying a motion for judgment on the pleadings will not be granted when such motion is not properly made a part of the record.

4. *Execution—Liability of Officer for Failure to Execute and Return—Alias Executions.*

   Under Sec. 3061 Mansf. Dig. (2176 Ind. Ter. Stat.) providing for the liability of an officer failing to execute or make due return of an execution, to the amount specified therein, a judgment cannot be had for the amount specified in both an original and alias execution.

Appeal from the United States Court for the Northern District.

W. M. SPRINGER, Judge.

Action by T. M. Grubbs, as surviving partner, against Thomas B. Needles and others. Order denying a motion for judgment on the pleadings. Plaintiff appeals. Affirmed.

*Geo. A. Grace* and *Jo Johnson*, for appellant.

*W. T. Hutchings*, for appellees.

RAYMOND, C. J.   On November 15, 1893, the appellant filed in the United States Court for the Northern District of the Indian Territory the following complaint:

"Plaintiff complains:

"(1)   That on March 26, 1889, Thomas B. Needles was appointed marshal of the Indian Territory for a term of four years.

"(2)   That on March 29, 1889, for the faithful performance of his duties as such marshal by himself and by his deputies, the said Thomas B. Needles, together with the defendants Charles B. Farwell and Daniel Shepard, executed to the United States of America their bond in the sum of twenty thousand dollars, which said bond, together with the approval of James M. Shackelford, then judge of this court, indorsed thereon, is in words and figures as follows:

"'Know all men by these Presents:   That we, Thomas B. Needles, Charles B. Farwell, and Daniel Shepard, are held and firmly bound unto the United States of America in the full and just sum of twenty thousand dollars, lawful money of the United States, to be paid to the United States; for which payment well and truly made, we bind ourselves jointly and severally, our joint and several heirs, executors and administrators, firmly by these presents.

"'Signed with our hands and sealed with our seals this 29th day of March, in the year one thousand eight hundred and eighty-nine.

" 'The condition of the foregoing obligation is such, that whereas, the President of the United States hath, pursuant to law, appointed the said Thomas B. Needles to be Marshal of the United States, to have and to hold the same, with all the rights, privileges and emoluments thereunto lawfully pertaining, from the 26th day of March, 1889, unless sooner removed therefrom, as by a commission to him bearing date the 26th day of March, 1889, more fully appears.

" 'Now, if the said Thomas B. Needles, by himself and by his deputies, shall faithfully perform all the duties of the said office of Marshal, then this obligation to be void, otherwise to remain in full force and virtue.

" 'Thomas B. Needles.

" 'Charles B. Farwell.     (Seal).

" 'Daniel Shepard.       (Seal).

" 'Signed, sealed and delivered in the presence of Glen C. Shepard.

" 'I, James M. Shackelford, Judge of the United States Court for the Indian Territory, do hereby approve the above and foregoing bond of Thomas B. Needles, Marshal of the United States Court for the Indian Territory.

" 'Done at Muskogee, Indian Territory, the first day of April, A. D. 1889.

" 'James M. Shackelford,

" 'Judge of the said Court.'

"(3)    That on June 15, 1889, said Thomas B. Needles, for the faithful performance of his duties as such Marshal by

himself and by his deputies, together with the defendants James A. Patterson, Clarence W. Turner, Robert E. Blackstone, and Frederick B. Severs, executed their bond in the sum of twenty thousand dollars to the United States of America, in the words and figures as follows:

" 'Know All Men by These Presents: That we, Thomas B. Needles, James Patterson, Clarence W. Turner, Robert E. Blackstone and Frederick B. Severs, are held and firmly bound unto the United States in the full and just sum of twenty thousand dollars, lawful money of the United States, to be paid to the United States; for the payment of which, well and truly to be made, we bind ourselves jointly and severally, our joint and several heirs, executors and administrators, firmly by these presents. Signed with our hands and (sealed) with our seals this 15th day of June, in the year of our Lord one thousand eight hundred and ninety-nine.

" 'The condition of the foregoing obligation, is such, that whereas, the President of the United States of America hath, pursuant to law, appointed the said Thomas B. Needles to be Marshal of the United States for the Indian Territory, to have and to hold the same with all the rights, privileges and emoluments thereunto lawfully appertaining from the 26th day of March, 1889, for the term of four years, unless sooner removed therefrom, as by a commission to him bearing date the 26th day of March, more fully appears.

" 'Now, if the said Thomas B. Needles, by himself and by his deputies, shall faithfully perform all the duties of the said office of Marshal, then this obligation to be void, otherwise to remain in full force and virtue.

" 'Thomas B. Needles.        (Seal).
" 'James A. Patterson,      (Seal),

" 'Clarence W. Turner.          (Seal).

" 'Robert E. Blackstone.        (Seal).

" 'Frederick B. Severs.         (Seal).

" 'Signed, sealed and delivered in the presence of A. W. Robb.'

"(4)    That on June 5, 1890, said Thomas B. Needles, for faithful performance of his duties as such marshal by himself and by his deputies, together with the defendants Louis Krughoff, Hugh C. Adams, John McElhannon, and Solomon M. Ellwood, executed their bond in the sum of forty thousand dollars to the United States of America, in words and figures (including approval) following:

" 'Know All Men by These Presents:   That we, Thomas B. Needles and Louis Krughoff, Hugh C. Adams, John M. C. Elhannon and Solomon M. Ellwood, are held and firmly bound unto the United States of America in the full and  just sum of forty thousand dollars, lawful money of the United States; for which payment, well and truly to be made, we bind ourselves jointly and severally, our joint and several heirs, executors and administrators, firmly by these presents.  Signed with our hands and sealed with our seals this 5th day of June, in the year one thousand eight hundred and ninety.

" 'The condition of the foregoing obligation is such, that whereas, the President of the United States hath, pursuant to law, appointed the said Thomas B. Needles to be Marshal of the United States, to have and to hold the same with all the rights, privileges and emoluments thereunto belonging and appertaining for four years from the 26th day of March, in the year of our Lord one thousand eight hundred and eighty-nine, unless sooner removed therefrom,  as by a commission to him bearing date the

26th day of March, A. D. one thousand eight hundred and eighty-nine, more fully appears.

" 'Now, if the said Thomas B. Needles, by himself or by his deputies, shall faithfully perform all the duties of the said office of Marshal, then this obligation to be void, otherwise to remain in full force and virtue.

" 'Witness:

| | | |
|---|---|---|
| F. S. Genung as to................Thomas B. Needles. | (Seal). |
| A. G. Hartnage as to..............Louis Krughoff. | (Seal). |
| H. W. Landmeyer as to............Hugh C. Adams. | (Seal). |
| H. C. Boucher as to................John McElhannon. | (Seal). |
| A. G. Hartnage as to.............Solomon M. Ellwood. | (Seal), |

" 'Approved June 17, 1890.

" 'JAMES M. SHACKELFORD,
" 'Judge U. S. Court.'

"(5)  That on the 16th day of December, 1892, said Thomas B. Needles being marshal as aforesaid, and each of the aforesaid bonds being in full force and effect, this plaintiff then and there being the plaintiff in a judgment rendered in case 1,597, and existing unsatisfied in this court against Charles Samuels and K. T. Stovall, as Charles Samuels & Co., Charles Samuels, J. H. Bowers, and C. A. Fargo, did cause an execution to issue on said judgment for the sum of $206.90, with ten per cent. per annum interest thereon from the 5th day of December, 1892, until paid, and for the further sum of $33.71 costs; making, besides interest as aforesaid, the total sum of $240.61, the amount indorsed on said execution and directed to be levied.

"(2)  That this said execution  was directed 'To the Marshal for the Indian Territory,' made returnable 'within sixty days,' and placed in the hands of said marshal, the defendant Thomas B. Needles, on the date of its issuance.

"(3)   That said execution was returned and field, 'Not satisfied,' on the 15th day of February, 1893.

"(4)   That a full and complete copy of said execution, with all the indorsements thereon, is as follows:

"EXECUTION.

" 'United States of America.   United States Court in the Indian Territory, First Judicial Division—ss.:   In the United States Court of the Indian Territory.   The President of the United States of America to the Marshal for the Indian Territory, Greeting:   You are commanded that of the estate of Charles Samuels and K. T. Stovall, as Charles Samuels & Company, Charles Samuels, J. H. Bowers and C. A. Fargo, you cause to be made the sum of $206.90, which T. M. Grubbs, surviving partner of T. M. Grubbs and L. R. Grubbs, as Grubbs Bros., late in our court, recovered against them for debt, with interest thereon at the rate of ten per cent. per annum from the 5th day of December, 1892, until paid; also the sum of $33.71, which was adjudged to the said T. M. Grubbs, surviving partner of T. M. Grubbs and L. R. Grubbs, as Grubbs Bros., for this (their) costs in that suit expended, and that you have said sums of money within sixty days to render to the said plaintiff debt, interest, and cost aforesaid.   In witness whereof, the honorable James M. Shackelford, judge of said court, has caused the seal of said court to be hereunto affixed at Muskogee this 16th day of December, A. D. 1892, and of our Independence the 117th.   Marshall L. Bragdon, Clerk.   By W. R. Shackelford, Deputy Clerk.'

"Marshal's Return.

" 'No property found to satisfy this execution, and the same is herewith returned for an alias execution.   T. B. Needles, U. S. Marshal, by J. C. Pettigrew, Deputy.

Return......................................................................$   75
Muskogee to Muldrow.......................................   4  80
                                                            ———
                                                           $5  55

" 'Case No. 1,597. T. M. Grubbs versus Charles Samuels et al. Execution. Issued December 16, 1892. Returnable in sixty days. Interest at the rate of ten per cent. per annum from December 5, 1892, until paid. Debt, $206.90. Notary fees, 50 cents. Clerk's fees, $11.21. Marshall's fees, $12.00. Notary public fees, $10.00. $240.61. Attest: Marshall L. Bragdon, Clerk, by W. R. Shackelford, Deputy.

" 'United States Marshal's office, Indian Territory. This writ of execution came into my hands at 5:30 o'clock p. m. this 16th day of December, 1892. T. B. Needles, U. S. Marshal, by F. S. Jenning, Deputy.

" 'Returned and filed February 15, 1893. Marshall L. Bragdon, Clerk. Joe Johnson.'

"(5) That said Thomas B. Needles, marshal as aforesaid, demanding his fees in advance, received for his costs of levying and obeying said execution the sum of (as plaintiff remembers) $13.

"(6) That by due diligence the money could have been made on said execution.

"(7) Wherefore plaintiff prays judgment against all the defendants for:

| | | |
|---|---|---|
| The amount of said execution | $ 206 | 90 |
| Costs | 46 | 71 |
| Ten per cent. per annum interest on total from December 5, 1892 | 38 | 74 |
| Ten per cent. damages on whole | | |

Amounting to the total sum of ................$ 292 35
—His costs in this action laid out and expended, and other relief.

"And plaintiff, for a further cause of action against the defendants herein, says:

"First.    That he refers to, and here reaffirms and repeats, paragraph 1 of this complaint.

"Second.    (1)    That he refers to, and here reaffirms and repeats, paragraph 2 of this complaint.    (2)    That he refers to, and her reaffirms and repeats, paragraph 3 of this complaint. (3)    That he refers to, and here reaffirms and repeats, paragraph 4 of this complaint.

"Third.    (1)    That on December 5, 1892, this plaintiff was a plaintiff in an action, numbered 1,597, then pending in this court against Charles Samuels and K. T. Stovall, as Charles Samuels & Co., Charles Samuels, J. H. Bowers, and C. A. Fargo, in which suit a judgment was on said date rendered in favor of this plaintiff.    (2)    That on February 15, 1893, said judgment being unsatisfied and still existing, said Thomas B. Needles being marshal as aforesaid, and each of the aforesaid bonds being in force, an execution was issued on said judgment for the sum of $206.90, and 10 per cent. per annum interest thereon from December 5, 1892, until paid, and for $40.51, costs; making, besides interest, the total sum of $247.41, the amount indorsed on said execution to be levied.    (3)    That said execution was directed 'To the Marshal for the Indian Territory,' made re-returnable 'within sixty days,' and placed in the hands of said marshal, said defendant Thomas B. Needles, on the date of its issuance.    (4)    That said execution was returned and filed 'Not satisfied' on the 25th day of April, 1893.    (5)    That a full and complete copy of said execution, including all indorsements thereon, is as follows:

"Execution.

"United States of America.    United States Court in the Indian Territory    First Judicial Division—ss.:    In the United

States Court in the Indian Territory. The President of the
United States of America to the Marshal for the Indian Territory,
Greeting: You are commanded that of the estate of Charles
Samuels and K. T. Stovall, as Charles Samuels & Company,
Charles Samuels, J. H. Bowers, and C. A. Fargo, you cause to be
made the sum of $206.90, which T. M. Grubbs, surviving partner
of T. M. Grubbs and L. R. Grubbs, as Grubbs Bros., late in  our
court, recovered against them for debt, with interest thereon at
the rate of ten per centum per annum from the 5th day of
December, 1892, until paid; also the sum of $40.51, which was
adjudged to the said T. M. Grubbs, surviving partner of T. M.
Grubbs and L. R. Grubbs, as Grubbs Bros., for his costs in that
suit expended; and that you have said sums of money within
sixty days to reader to the said plaintiff's debt, interest, and cost
aforesaid. In witness whereof, the Hon. James M. Shackelford,
judge of said court, has caused the seal of said court to be here-
unto affixed at Muskogee this 15th day of February, A. D. 1893,
and of our Indepedence the 117th. Marshall L. Bragdon,
Clerk, by W. R. Shackelford, Deputy Clerk.'

"Marshal's Return.

" 'No property found. T. M.; Needles, U. S. Marshal.'

" 'Case No. 1597. T. M. Grubbs, versus Charles Samuels
et al. Alias execution. Issued February 15, 1893. Returnable
in sixty days, with interest at the rate of ten per cent. per annum
from December, 1892, until paid.

| | | |
|---|--:|--:|
| Debt | $ 206 | 90 |
| Notary public | | 50 |
| Clerk's fees | 12 | 46 |
| Marshal's fees | 17 | 55 |
| Witnesses' fees | | |
| Notary public's fees | 10 | 00 |
| | $ 247 | 41 |

" 'Attest: Marshall L. Bragdon, Clerk, by W. R. Shackelford, Deputy.

" 'United States Marshal's Office, Indian Territory. This writ of execution came into my hands at ————o'clock——m. this 15th day of February, 1893.

" 'T. B. Needles, U. S. Marshal.

" 'Returned and filed April 25, 1893. Joseph W. Phillips, Clerk.'

"(6) That at the time of the delivery of said execution to Thomas B. Needles, marshal, as aforesaid, said Needles, prior thereto having demanded his fees in advance, received from the plaintiff, who was plaintiff in said execution, for execution, costs (including this said execution), the sum of (as plaintiff now remembers) $13, of which the sum of $5.55 was appropriated as the costs of a prior execution, as shown by the return thereof, leaving therefore in the hands of said Needles for his costs of levying and obeying this said execution the sum of $7.45.

"(7) That by due diligence the money could have been made on said execution.

"(8) The plaintiff is a citizen of the United States, is a white man, and not an Indian, nor a member of any Indian tribe. The defendants reside or may be found in the First Judicial Division of the Indian Territory.

"(9) Wherefore plaintiff prays judgment against all of the defendants for:

The amount of said execution (principal)........................... $206 90
Costs................................................................................... 47 96

| | |
|---|---:|
| Ten per cent. per annum interest on total from December 5, 1892, until paid_____ | 38 95 |
| Ten per cent. damages on whole, amounting to the total sum of_____ | $293 81 |

For his costs in this action laid out (and) expended, and for other relief."

On May 3, 1894, a demurrer was filed to this complaint as follows:

"Comes now the defendants, by their attorneys, Hutchings & English, and file this their demurrer to the complaint of the plaintiff, and for ground thereof state that said complaint does not state facts sufficient to constitute a cause of action, and for a further reason that said complaint does not show that the court has jurisdiction over said cause."

On June 11, 1894, the defendants filed their answer as follows:

"The defendants, for answer to the complaint of the plaintiffs herein admit as true the allegations in (paragraphs) 1 to 5, inclusive; but defendants deny the allegation in paragraph No. 6 that by due diligence the money could have been made on said execution, but, on the contrary, they allege that the defendants in said execution, and each of them, were at the time said execution came into the hands of United States marshal, and up to the time of its return, wholly insolvent, and had no property in the Indian Territory liable to execution. Further answering, defendants say that, as to the second cause of action set up in plaintiff's complaint, that they admitted the allegations in the first six paragraphs thereof, but defendants deny the allegations in the seventh paragraph that by due diligence the

money could have been made upon said execution; and defendants further say that before the return day of said execution, and while the same was in full force and effect, that the plaintiff, T. M. Grubbs, directed the deputy marshal, James C. Pettigrew, in whose hands the execution was placed for levy, to make no further effort to levy said execution or make the money on the same, but to return the same as unsatisfied to the clerk's office of the United States Court. Wherefore, defendants having fully answered, defendants pray to be hence dismissed, with their reasonable costs in this behalf laid out and expended."

June 15, 1894, there was a trial before a jury, a verdict for defendants upon peremptory instruction from the court, and judgment on this verdict. Plaintiff appealed, and the judgment was reversed in the United States Circuit Court of Appeals for the Eighth Circuit at the May term, 1895, with directions to the trial court to grant a new trial at the October term, 1895, and that further proceedings be had in that court in conformity with the opinion filed. Grubbs vs Needles et al., 70 Fed. 199, 17 C. C. A. 60. December 30, 1895, the remanding order was filed in the trial court, and the cause was submitted to the court, without evidence, on motion of plaintiff for judgment on the pleadings. January 16, 1896, the court denied this motion, and gave judgment for defendants for costs. There was an exception by plaintiff, and prayer for appeal, which was granted, and four months were granted in which to file a bill of exceptions. No bill of exceptions was ever filed, nor is the motion for judgment on the pleadings made a part of the record by order of court.

The clerk has copied into the transcript a motion as follows:

"Now comes plaintiff, and says that the answer of defendants is not sufficient to bar plaintiff's recovery, and he moves

the court for a judgment in his favor for the amount specified in the execution placed in the hands of the defendant; and plaintiff further says that the answer of defendants is not sufficient to bar plaintiff's recovery on the first cause of action set out in his complaint, and he moves the court for a judgment in his favor for the amount specified in the first execution placed in the hands of the defendant. And plaintiff further says that the answer of the defendants is not sufficient to bar plaintiff's recovery on the second cause of action set out in his complaint, and he moves the court for a judgment in his favor for the amount specified in the second execution placed in the hands of the defendant. Jo Johnson, Attorney for Plaintiff."

Motion is made by appellees to dismiss the appeal for noncompliance with rule 10 of this court 4 Ind. Ter. Rep. 753, (64 S. W. vi). The second paragraph of that rule is as follows:

"(2) This brief shall contain in order here stated: (a) A concise abstract, or statement of the case, presenting succinctly the questions involved, in the manner in which they are raised. (b) A specification of the errors relied upon in law cases shall set out separately and particularly each error asserted and intended to be urged; and in equity cases the specification hall state, as particularly as may be, in what the decree is alleged to be erroneous. When the error alleged is to the admission or to the rejection of evidence, the specification shall quote the full substance of the evidence admitted or rejected. When the error alleged is to the charge of the court, the specification shall set out the part referred to, totidem verbis, whether it be in instructions given or instructions refused. When the error alleged is to a ruling upon the report of a master, the specification shall state the exception to the report and the action of the court upon it. (c) A brief of the argument, exhibiting a clear statement of the points of law or facts to be discussed, with a reference

to the pages of the record and the authorities relied upon in support of each point."

There are no specifications of errors relied upon, and for this reason alone there can be no reversal as prayed. In passing upon a similar question, the Circuit Court of Appeals for the Seventh Circuit says: "The assignments of error are also defective. Neither the original assignment, nor an additional assignment which the record shows to have been filed some days later than the first, conforms to the requirement of rule 2 that an assignment 'shall set out, separately and particularly, each error asserted and intended to be urged,' and, 'when the error alleged is to the charge of the court, the assignment of errors shall set out the part referred to totidem verbis, whether it be instructions given or refused.' This means, clearly, that there must be a separate assignment of error in respect to each part of the charge which is alleged to be erroneous, or, to say the least, if it is sought by a single specification of error to bring into question more than one proposition, it must be distinctly alleged that there was error in giving or in refusing each severally of the propositions which it is intended to challenge. The language of the assignment here is, 'The court erred in charging the jury as follows,' and there follows the same series of propositions to which the general exception is shown to have been taken. There has been a failure, it is to be further noted, to comply with the requirement of rule 24 that the brief of the plaintiffs in error, after giving a concise statement of the case, shall contain a specification of the errors relied upon. A comparison of the language of this rule with that of rule 11 shows the intention to be that each specification of the brief shall conform substantially, if not literally, to the particular assignment of error on which it is predicated. And for convenience there ought to be, with each specification in the brief, a reference to the corresponding assignment of error, as well as to the place in the bill of exceptions or

other part of the record where the alleged error is shown. It is possible that a painstaking search and comparison would show some of the numerous specifications of the briefs in this case to be substantially the same as some of the numerous assignments of error, but such search and comparison ought not to be imposed upon the court. The relation of each specification to its corresponding assignment should be in some way distinctly indicated." Vider et al vs O'Brien, 62 Fed. 326, 10 C. C. A. 385. See, also, the opinion filed at this term in Steen vs Swadley, 5 Ind. Ter. Rep. 451, (82 S. W. 871).

A further defect is fatal to the cause of appellant, in the absence from the record of his motion for judgment in the court below. Four months were taken in which to file a bill of exceptions. None was ever presented. The motion is not a part of the record simply because the clerk may have copied it in the transcript. "Rulings upon motions are not deemed to be saved for review in an appellate court unless the motion and ruling are exhibited in a bill of exceptions. It is not sufficient that the clerk of the trial court has inserted in the transcript what purports to be a copy of the motion. The rule applies to motions which are dispositive of the proceedings, such as a motion to dismiss the appeal by which the cause has been brought from an inferior jurisdiction, or a motion in the court to which the cause has been taken by change of venue to dismiss the cause, and the rule applies in criminal as well as civil cases." Thompson on Trials, § 2775. "It has been held that a motion for judgment upon the pleadings is not properly and directly a part of the record." Appellate Procedure, Elliott, p. 162.

But waiving these points, the judgment must be sustained because the motion is directly in the teeth of the opinion of the Circuit Court of Appeals reversing and remanding the cause. It seeks judgment against the marshal on both executions, or twice

the amount ever recovered by the appellants against their debtor. In that case, Justice Caldwell, in delivering the opinion of the court, says: "But it is clear that plaintiff can have but one satisfaction of his judgment. As observed by Chief Justice Cockrill in Hawkins vs Taylor, 56 Ark. 45, 19 S. W. 105, 35 Am. St. Rep. 82: 'The statute is highly penal, and its terms should not be extended by construction to cases not within its plain meaning.' Touching the defense based on the alleged directions of the plaintiff to the marshal, we do not deem it necessary to do more than to call attention to the rule announced by the Supreme Court of Arkansas in a proceeding under this statute where that defense was relied on: 'The sheriff is not excused from returning an execution by any conduct of the plaintiff which falls short of showing that the nonreturn resulted from the act or instructions of the plaintiff, or was ratified or waived by him.' The variance between the allegation of the answer setting up this defense and the proof can be removed by an amendment of the answer. The extent of the recovery in proceedings under this statute is shown by the opinion of the court in the case of Hawkins vs Taylor, supra. Upon the record before us, the plaintiff was entitled to judgment against the marshal and his sureties on one of the executions for 'the whole amount of money in such execution specified,' and interest, but was not entitled to any damages. Hawkins vs Taylor, supra." Grubbs vs Needles, 70 Fed. 199, 17 C. C. A. 60.

The judgment is affirmed.

CLAYTON, TOWNSEND, and GILL, JJ., concur.