THOMPSON VS WOOD.

Opinion delivered October 27, 1906.

. (97 S. W. page 36).

1.  *Appearance—Effect on Jurisdiction.*

> Section 4029 Mansf. Dig. (Ind. Ter. St. 1899, Art. 2709), provides that actions cognizable before a justice of the peace, instituted by summons or warrant, shall be brought before some justice of the peace where the defendant resides or is found, and if there be more than one defendant then in the township where one of them resides, or is found.  *Held*,  Defendant having appeared for trial, and the case having been continued on his motion, the Commissioner had jurisdiction.  Defendant thereby waived any defect that might exist as to service.

Appeal from the United States Court for the Western District of the Indian Territory; before Justice Louis Sulzbacher, December 22, 1904.

Action by D. A. Thompson against Frank Wood to enforce a laborer's lien by attachment. From a judgment dismissing the action, plaintiff appeals. Reversed.

On December 22, 1904, this cause came on for hearing before the court below upon a motion to dismiss for want of jurisdiction filed in the Commissioner's Court, and an agreed statement of facts. The transcript from the Commissioner's Court was filed in the court below December 23, 1903, and the complaint and affidavit of plaintiff (appellant) before the commissioner was filed October 24, 1903, and alleged that the defendant (appellee) was justly indebted to him in the sum of $17 for labor performed by plaintiff for defendant in putting in and caring for the crop of cotton and corn of the defendant; that plaintiff has a laborer's lien on said crops to secure the payment of said amount which was due; and that said labor was performed within eight months before this date; and plaintiff prays for an order of attachment of said crops, and for judgment for said sum and costs. Defendant filed affidavit on November 19, 1903, that he was summoned to appear in said case on October 31, 1903, and that he appeared with his witnesses at the commissioner's courtroom in Wagoner on that day, but that the commissioner was absent. That he then agreed with plaintiff that the case should be set down for trial for some future day, and that he should be notified of the time and place. J. H. Thigpen filed affidavit as follows: "J. H. Thigpen, being duly sworn deposes, and says that he is one of the attorneys for defendant in the above-entitled case, and that he agreed with the attorney for the plaintiff that said case be set down for trial on the 18th day of November, 1903, and that he had supoenas issued for defendant's witnesses and mailed with a letter explaining the time and place for trial to defendants at their post office at Wealaka, Indian Territory, in sufficient time for defendants to have received said notice and

subpoenas, but that he is informed that for some reason unknown to this affiant they did not receive said notices." That he received no notice, but on the 18th of November, 1903, defendant asked that case be reset. On December 8, 1903, defendant filed a motion to dismiss, as follows: "Comes now defendants, Frank Wood and Martha Wood, and move the court to dismiss this suit, for the reason that this court has no jurisdiction of the person of the defendants, or of the property involved in this suit, because said defendants live, and the property is situated, in the Fifth commissioner's district, Western judicial district of the Indian Territory, and not in this commissioner's district. Wherefore, defendants pray that this suit be dismissed and they have judgment for their costs and for all relief." This motion was sustained and case dismissed by the commissioner, and plaintiff appealed.

Plaintiff, upon notice to defendant, made application to the court that the cotton and corn attached be sold, which order was made, and the cotton and corn sold as per order by the constable, who made report of said sale to the court; and on December 22, 1904, the motion to dismiss for want of jurisdiction came on for hearing before the court, "and the court, after being fully advised in the premises, finds the following facts: That this cause was instituted in the United States Commissioner's Court. First commissioner's district, Western district of Indian Territory, at Wagoner, on the 24th day of October, 1903, and that at that time the defendants resided in the Fifth commissioner's district of the Western district of the Indian Territory, and summons was served on defendants in said Fifth commissioner's district of the Western district of the Indian Territory, and the property attached herein was situated in said Fifth commissioner's district when attached. That on the 19th day of November, 1903, defendant Frank Wood filed a motion before the United States commissioner at Wagoner

in said cause, praying that the case be reset for trial," which motion was granted. "That said cause was continued by the U. S. commissioner until the 7th day of December, 1903, on motion of defendant. That on the trial of said motion to dismiss in this court, these facts, as well as the facts set up in defendant's motions, were admitted to be true, and by agreement of the parties said motion was tried on said agreement of facts. And the court further finds it has no jurisdiction of the person or the subject-matter of this suit. It is therefore considered, ordered, and adjudged that this case be dismissed for want of jurisdiction, and that the defendant have and recover of and from the plaintiff all their costs in this suit, to which, finding and judgment of the court at the time, plaintiff excepted and prayed an appeal to the United States Court of Appeals for the Indian Territory, which prayer was by the court granted."

*Chas. G. Watts, De Roos Bailey,* and *Thos. H. Owen,* for appellant.

*Robert F. Blair,* for appellee.

TOWNSEND, J. (after stating the facts). The appellant has filed six specifications of error as follows: "(1) The court erred in sustaining appellee's motion to dismiss the suit. (2) The court erred in not holding that appellee entered his appearance in said cause by his motion to have said cause reset for trial. (3) The court erred in not holding that said appellee entered his appearance by having the commissioner to continue said cause until the 7th day of December, 1903, on his motion. (4) The court erred in not holding the law to be that in cases of this kind suit may be brought in one commissioner's district against parties residing in another commissioner's district. (5) The court erred in rendering judgment against appellant for

cost after holding that he had no jurisdictions of the person of the appellee or the property in controversy. (6) The court erred in dismissing said cause on appellee's motion."

The appellant contends that defendant having appeared for trial, and the case having been continued on his motion, by the commissioner, to December 7, 1903, that such appearance gave the commissioner jurisdiction, and cites Epps vs Sasby et al., 43 Ark. 545: "A. and B. were sued before a justice of the peace on a debt. A. was not served with process and did not appear. B. appeared and asked for a postponement until his attorney could arrive. In due time his attorney came and moved to quash the service which was insufficient. The justice refused to quash it; and, B. saying nothing further, judgment was rendered against both defendants. Held, on certiorari to quash it, that the judgment was void as to A. for want of service but good as to B., who voluntarily appeared." Also St. L., I. M. & S. Ry. Co. vs Barnes et al., 35 Ark. 97: "The return of service in this case was defective. Cairo & F. R. R. Co. vs Trout, 32 Ark. 17. Section 4515, Gantt's Dig., was amended by acts of March 9, 1877. See Acts 1877, p. 59. But the transcript of the justice shows that on the return day of the summons the plaintiff (Barnes) appeared, 'and the defendant by E. A. Warren, attorney, and asked that the cause be continued until the 11th day of September. 1876 ' The appearance of the defendant by attorney, and consenting to a continuance of the cause, was a substantive act, dispensing with the service of process. Rogers vs Conway, 4 Ark. 70. State Bank vs Walker, 14 Ark. 235." Hawkins vs Taylor, 56 Ark. 45, 46, 19 S. W. 105, 35 Am. St. Rep. 82: "Where a proceeding against a sheriff for failure to return an execution within 60 days is erroneously instituted by motion for summary judgment, under sections 3963, 3964, Mansf. Dig. (Ind. Ter. Ann. St. 1899, §§ 2643, 2644), instead of upon issuance

and service of summons, as required under section 3061, Mansf. Dig. (Ind. Ter. Ann. St. 1899, § 2176), the irregularity may be waived by entry of appearance and going to trial without objection." Rogers vs Conway, 4 Ark. 70: "The object of service and notice was to apprise the party of the nature of the proceedings against him. The fact of his agreeing to the continuance is evidence of his having made himself a party to the record; and by such appearance, any defect that might exist, as to the service of the writ or notice, was waived." And other cases are cited to sustain appellant's contention.

Appellant contends that, under section 4029, Mansf. Dig. (Ind. Ter. Ann. St. 1899, § 2709), which is as follows: "Actions cognizable before a justice of the peace, instituted by summons or warrant, shall be brought before some justice of the peace of the township wherein the defendant resides, or is found, or, if there be one or more defendants in different townships, then in the township where one of them resides, or is found. Provided, that actions by attachment, actions for the recovery of personal property, actions for provisional remedies, and all criminal actions and proceedings, may be brought before any justice of the peace in the county"—the court had jurisdiction of the defendant and the property in controversy.

The defendant having submitted to the jurisdiction of the court, we are of the opinion that the motion to dismiss should have been overruled, and the cause tried by the court below. Let the cause be reversed and remanded.

GILL and CLAYTON, JJ., concur. RAYMOND, C. J., not participating.